UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DONNY L. STROMAN | |
| | CIVIL ACTION |
| VERSUS | |
| | NUMBER 14-649-JWD-EWD |
| SHERIFF JASON ARD, ET AL. | |

### ORDER ON MOTION TO COMPEL

Before the court is a Motion to Compel filed by defendants Cade Blades and Anthony Aguillard.[1] No opposition has been filed.

Defendants filed this motion to compel plaintiff, Donny Stroman, to respond to their Interrogatories and Request for Production of Documents served on April 22, 2015.[2] Defendants' counsel conferred with plaintiff's counsel on November 5, 2015 regarding the outstanding discovery requests and agreed to allow the plaintiff until November 30, 2015 to provide discovery responses.[3] Defendants filed this motion to compel, asserting that no responses have been provided before or since the extended deadline expired.

Despite the defendants' efforts to obtain the discovery responses, the record fails to show that the plaintiff has served its answers to interrogatories or produced responsive documents. Nor has the plaintiff responded to this motion or otherwise furnished any information indicating when his discovery responses will be provided.

---

[1] R. Doc. 43. A Rule 25(a)(1) Statement Noting Death was filed by defendant, Anthony Aguillard, on February 1, 2016, noting the death of co-defendant, Cade Blades, on October 27, 2015 (R. Doc. 47). This court issued a Notice to Counsel on March 21, 2016 advising that if a motion to substitute was not made within 90 days after service of the Statement Noting Death, the action against Cade Blades would be dismissed.

[2] R. Doc. 43-2.

[3] R. Doc. 44.

In these circumstances, under Rule 37(a)(3) and (d)(1)(A), Fed.R.Civ.P., the defendants are entitled to an order requiring the plaintiff to respond and imposing sanctions. Plaintiff will be required to answer the interrogatories and produce responsive documents within 14 days of the entry of this Order. No objections will be allowed.[4]

Rule 37(d)(3) incorporates the sanctions available under Rule 37(b)(2)(A)(i)-(vi). Under Rule 37(d)(3) the court must require the party failing to act, or the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust. The provision regarding the award of reasonable expenses is mandatory.

Plaintiff's motion shows that a good faith attempt was made to obtain the discovery responses without court action. Nothing in the record indicates that the plaintiff's failure was substantially justified or that there are any circumstances which would make an award of expenses unjust. Therefore, the defendant is entitled to reasonable expenses under Rule 37(d)(3). Defendants did not claim a specific amount of expenses incurred in filing this motion. A review of the motion and memorandum supports the conclusion that an award of $300.00 is reasonable.

Accordingly,

The Motion to Compel filed by defendants Cade Blades and Anthony Aguillard is GRANTED. Plaintiff, Donny Stroman, shall serve his answers to the defendants' Interrogatories and produce documents responsive to the defendants' Request for Production of Documents, without objections, within 14 days from the date of entry of this Order. Pursuant to Rule 37(d)(3),

---

[4] Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts. *See In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D. Miss. 1990.)

the plaintiff shall pay to the defendants, within 14 days, reasonable expenses in the amount of $300.00. The plaintiff and plaintiff's counsel are jointly liable for these expenses.

Signed in Baton Rouge, Louisiana, on March 21, 2016.

                                              *Erin Wilder-Doomes*
                                              **ERIN WILDER-DOOMES**
                                              **UNITED STATES MAGISTRATE JUDGE**